# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| ELIJAH NAHUM SIMMONS,   ) | |
| ) | |
| Movant,   ) | |
| ) | |
| v.   ) | Case No.  CV611-083 |
| ) | CR610-001 |
| UNITED STATES,   ) | |
| ) | |
| Respondent.   ) | |

## REPORT AND RECOMMENDATION

While represented by attorney Matthew K. Hube, Elijah Nahum Simmons pled guilty to conspiracy to possess with intent to distribute and to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. § 846.  CR610-001, doc. 151 at 1-2.[1]  He received a 240-month sentence and did not appeal.  *Id.*  Moving for 28 U.S.C. § 2255 relief, he claims he asked Hube to appeal but he refused in light of the fact that in his plea bargain with the government Simmons had waived his direct and collateral appeal rights.  Doc. 169 at 6, 9, 10, 32 (counsel's letter); *see also*

---

1   The Court is citing only to the criminal docket and using its docketing software's pagination, which may not always line up with each paper-document's pagination.

1

doc. 182 at 6.² Simmons also alleges that Hube provided him with ineffective assistance of counsel (IAC) by failing to advise him of an enhanced sentence risk (that a prior cocaine-based conviction could be used to enhance his sentence) when advising him to plead guilty. Doc. 169 at 16. The government wants to hold Simmons to his double waiver. Doc. 181. And despite his claimed appeal request, it argues, those waivers require this Court to deny Simmons relief. *Id.* at 3-11.

In pertinent part the plea agreement states:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Doc. 154 at 8.

Simmons does *not* dispute the government's showing that at his guilty-plea hearing the district judge questioned him to make sure he understood this waiver. Doc. 181 at 5-7; doc. 182 at 4-5. Indeed, he says

---

2   The Court **GRANTS** movant's Motion to Amend his § 2255 motion. Doc. 172.

he understood and agreed to it: "There is no question that the district court discussed and specifically questioned Movant regarding plea waiver. There is also no dispute that the record unequivocally show[s] Simmons indicating that he understood plea waiver." Doc. 169 at 24.  He rests his quest for relief, then, in part on bad advice: "However, Movant's understanding of what he was told by counsel prior to and after procedural dialogue between Simmons and Court is what renders Movant's latter answers regarding plea waiver unenforceable and subjects plea waivers to not have been knowing, voluntary and intelligently entered." *Id*.  Hence, Simmons faults his lawyer for failing to warn him of the enhancement possibility.  Had he been warned, he would not have pled guilty.  *Id.*

But he also bases his § 2255 relief request on what he deems to be the *government's* promise -- which he says it later breached -- during sentencing: "what the Government completely fails to acknowledge, and to which Mr. Simmons requests this Court to take judicial notice when granting the requested habeas relief, is that, Mr. Simmons's alleged waivers came months *prior to* the occurrence of *the subsequent breach* -- to

3

Movant's unfair surprise, during sentencing." Doc. 182 at 4 (emphasis added).[3]

At sentencing, he complains, the district judge enhanced his sentence with his prior cocaine-based conviction. Doc. 169 at 25-26, 28-29 (also faulting Hube for failing to investigate and thus show that a prior conviction was unsupported). This, he insists, constitutes a breach by the government of its promise to him, as well as ineffective assistance by Hube, because he was not forewarned of that possibility:

> And because it was as a result of Movant's ineffective assistance of counsel claim, that directly affected the validity of Simmons's plea itself, when telling Movant that he would be entering plea and sentenced for 50 kilograms of *marijuana*, but Movant was unfairly surprised at sentencing to have his sentence increased based upon *crack cocaine*, Movant Simmons's plea along with its waivers should be rendered invalid.

---

3   In fact the government made no such promise, and Simmons agreed to the opposite. His plea agreement says:

> The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

Doc. 154 at 6.

4

Doc. 182 at 13 (emphasis added).  Simmons says he would not have pled guilty had he known of the cocaine-enhancement possibility.  Doc. 182 at 4.

All of this, he concludes, renders his waivers legally unenforceable. *Id.* at 5.  He therefore wants to be relieved of his waiver and granted § 2255 relief.  That means facilitation of a direct appeal, if not subsequent § 2255 review, though he does not state what ultimate end he seeks (i.e., whether he wants to go to trial, a new sentencing shorn of the cocaine-based enhancement, etc.).  *Id.* at 13.  He does figure, however, that without the enhancement he would face only a 151-188 month sentencing range, not 240 months.  Doc. 169 at 28.

### I. GOVERNING STANDARDS

It is settled "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  Indeed, "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable

grounds for appeal." *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995); *Stoner v. United States*, 2011 WL 5221890 at * 8 (E.D. Mo. Nov. 2, 2011).

Can that *Flores-Ortega* right be waived? The Fifth Circuit says no: Counsel must consult with his client and file an appeal if directed, and can be found ineffective if this duty is violated, even where the client has signed both direct and collateral attack waivers. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007); *accord*, *United States v. Rivas*, 2011 WL 5840212 at * 4 (5th Cir. Nov. 21, 2011). But the Third Circuit has held that absent a miscarriage of justice, double waivers do bar *Flores-Ortega* claims. *United States v. Mabry*, 536 F.3d 231, 239-44 (3d Cir. 2008) (a defendant bound by appellate and collateral waivers cannot raise a collateral challenge based upon a lawyer's failure to appeal absent a showing that a miscarriage of justice would occur if the waiver were enforced; and there is no miscarriage of justice exception absent a nonfrivolous ground for direct appeal or collateral attack).

The Seventh Circuit reached the same conclusion as *Mabry* in *Nunez v. United States*, 495 F.3d 544 (2007). *Nunez* was summarily reversed -- but

6

only on grounds that it had read the defendant's waiver of his appellate rights too broadly. 554 U.S. 911 (2008); *post-remand*, 546 F.3d 450, 456 (7th Cir. 2008) (warning that a successful movant could lose the benefit of his plea bargain and thus face a stiffer sentence); *see also Blacksher v. United States*, 2011 WL 5854373 at * 3 (E.D. Mich. Oct. 13, 2011) (collecting circuit-split cases); *see generally* 89 A.L.R.3d 864.

At least for a *direct* appeal, this circuit's law aligns with *Tapp*: "The reasoning in *Flores-Ortega* applies with equal force where, as here, the defendant has waived many, but not all, of his appellate rights." *Gomez–Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005).

Finally, even in full-waiver jurisdictions, a waiver will not "be enforced to bar review of a sentence that exceeds the statutory maximum[,] or where the defendant correctly contends that the indictment clearly does not state an offense[,] or where the factual basis for the plea agreement does not show that the defendant committed an offense." *United States v. Phillips*, 2011 WL 5509155 at * 2 n. 19 (E.D. La. Nov. 10, 2011) (citing *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004)).[4]

---

[4] Simmons claims no such exception here.

7

## II. ANALYSIS

If Simmons is entitled to a direct appeal despite his double waiver, then his § 2255 claims are premature and must be stayed, as it is reasonably probable that a direct appeal would encompass § 2255 issues. *See* 16A Fed. Proc., L. Ed. § 41:515 (Dec. 2011) ("The 28 U.S.C.A. § 2255 motion is premature when filed during the pendency of a direct appeal, absent extraordinary circumstances."). The government's position -- that he is not entitled to appeal given his waiver -- enjoys considerable legal support:

> An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.

*Warren v. United States*, 2011 WL 5593183 at * 5 (M.D. Ala. Oct. 26, 2011).[5] And under the government's double-waiver theory, the Court

---

5   Some courts apply a "miscarriage of justice" exception. *United States v. Ruiz-Gonzalez*, 427 F. App'x. 22, 25 (1st Cir. 2011) ("However, even if the waiver is

8

cannot consider movant's § 2255 claim that Hube dropped the direct appeal ball. His only escape is to show that Hube was ineffective in a way that affects the guilty plea's validity, and an attorney's mere negligent advice in estimating an ultimate sentence is simply not enough.[6] Doc.

---

knowing and voluntary, we retain discretion not to enforce the waiver if it would result in a 'miscarriage of justice.") (quotes and cite omitted); 9 FED. PROC., L. ED. § 22:969 (Dec. 2011) (footnotes omitted) ("An illegal sentence may constitute a miscarriage of justice, so as to support not enforcing the defendant's waiver in a plea agreement of the right to appeal."). No such exception is pled here.

6 "[A]n erroneous sentence estimate by counsel does not render a plea involuntary. *United States v. Himick*, 139 F. App'x 227, 228–29 (11th Cir. 2005); *United States v. Orr*, 165 F. App'x 623, 624–25 (10th Cir. 2006); *United States v. Tealer*, No. 01–51262, 2002 WL 31415154 at *1 (5th Cir. Oct. 9, 2002); *United States ex rel. LaFay v. Fritz*, 455 F.2d 297, 302 (2d Cir.1972)." *Solorio-Reyez v. United States*, 2011 WL 3684843 at * 3 (N.D. Ga. Jul. 14, 2011); see *United States v. Munguia–Ramirez*, 267 F. App'x 894, 898 (11th Cir. 2008) (no error in finding that the movant knowingly and voluntarily entered into guilty plea due to counsel's incorrect estimation of his ultimate sentence, where record indicated that he understood that he could not withdraw his plea even if he received a more severe sentence than he thought); *United States v. Kerns*, 53 F. App'x 863, 866 (10th Cir. 2002) (finding claim that because attorney assured the movant that his sentence would be less than what he ultimately received cannot constitute a challenge to the voluntariness of his plea, as he stated during the plea colloquy that no one had made any promises inducing him to enter a guilty plea).

---

Here the district judge explained to Simmons, while taking his plea:

[THE COURT]: Mr. Hube has gone over the guidelines with you. He has the information he received from the government. He has had the information that you gave to him. And he has probably made some estimate of what the sentence would be in this case if the Court accepts your plea. But he can be wrong. He can overlook something. Even if his estimate is wrong, you would be still be bound by your plea of guilty. Do you understand that, Mr. Simmons?

A. Yes, sir.

9

181 at 8. Since mere negligence advice is all that Simmons has alleged, the government concludes, as did *Mabry*, 536 F.3d at 241, that *Flores-Ortega* simply does not fit this situation.

In *Gomez–Diaz*, 433 F.3d at 793-94, the Eleventh Circuit held that a § 2255 petitioner who had entered into a valid appeal waiver did not have to show a meritorious ground for appeal in order to prevail on a claim that his counsel was ineffective for failing to file a notice of appeal when instructed to do so. The government distinguishes *Gomez-Diaz* on the ground that only a direct, but not collateral, appeal waiver was in play there, while both are present here. Doc. 181 at 10. And that case, it says, did not address whether a collateral attack waiver barred a defendant, despite *Flores-Ortega*, from claiming ineffective assistance due his lawyer's failure to file a requested appeal. *Id.*; *see also Jones v. United States*, 2011 WL 5554027 at * 6 (S.D. Ga. Oct. 21, 2011) ("Petitioner's claims that his counsel was ineffective for failing to file an

---

Doc. 179 at 21; *see also Cole v. United States*, 2011 WL 4899988 at * 4 (N.D. Ind. Oct. 14, 2011) (rejecting double-waiver § 2255 movant's "contention that he was wrongly sentenced as a career offender, or that he would not have pleaded guilty if he had known that he was going to be designated a career offender . . . . [He] was specifically informed at his plea hearing that his ultimate sentence could not be calculated until the Court received his presentence investigation report from the U.S. Probation Department.").

10

appeal . . . do[e]s not call into question the validity of Petitioner's guilty plea or waiver."), *adopted*, 2011 WL 5554022 (S.D. Ga. Nov. 15, 2011).[7]

The government also acknowledges *United States v. Patel*, 252 F. App'x 970 (11th Cir. 2007), which cited *Williams v. United States*, 396 F.3d 1340, 1342 n. 2 (11th Cir. 2005), in holding that an otherwise valid appeal and collateral-appeal waiver will *not* preclude § 2255 claims that challenge the validity of the defendant's plea or the appeal waiver based on the ineffective assistance of counsel. *Id.* at 975. But that showing

---

7. *Jones* specially focused on the *Gomez-Diaz* decision:

> Of note, in reaching its decision in *Gomez–Diaz*, the Eleventh Circuit announced that its opinion was in accord with the Tenth Circuit's treatment of the same issue in *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005). The Tenth Circuit later clarified its decision in *Garrett* in addressing the issue presented in the instant case, and proceeded to hold that claims of ineffective assistance of counsel premised on counsel's failure to file a notice of appeal are barred by a valid collateral attack waiver. *United States v. Falcon–Sanchez*, 416 F. App'x 728, 730 (10th Cir. 2011) (holding that ineffective assistance claim based on counsel's failure to file notice of appeal as instructed by petitioner was barred by collateral attack waiver because the claim "[did] not relate to the validity of the plea or the waiver"). Thus, the Tenth Circuit's case law concerning these issues further illustrates that the Court's determination in the instant case is in harmony with the Eleventh Circuit's decision in *Gomez–Diaz*.

*Jones*, 2011 WL 5554027 at * 6 n. 5. The *Falcon-Sanchez* panel further distinguished *Garrett*: "In a [*Garrett*] footnote, we noted that the defendant's plea agreement also contained a waiver of his right to collaterally challenge his guilty plea or sentence. [402 F.3d] at 1266 n. 5. We did not, however, enforce that waiver because (1) the government *did not argue* that the waiver barred the defendant's § 2255 motion and (2) the plain language of the waiver did not address the claim. *Id.*" *Falcon–Sanchez*, 416 F. App'x at 731 (emphasis added).

11

must go to coercion, fraud, or a similar species of misconduct and not just attorney negligence such as in miscalculating a sentence exposure. *Id.* at 974-76; *Angarita*, 2010 WL 2872737 at * 4. Simmons, the government emphasizes, is simply not making that kind of showing here. Doc. 181 at 10-11.

The government thus rests on the principle that "[w]hen a valid sentence-appeal waiver containing express language waiving the right to attack a sentence collaterally is entered into knowingly and voluntarily, it will be enforceable and serve to prevent a movant from collaterally attacking a sentence on the basis of ineffective assistance of counsel." *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009) (citing *Williams*, 396 F.3d at 1342). Hence, it insists, Simmons must be held to his bargain, and other courts have agreed:

> The Court recognizes that a waiver of appeal in the plea agreement does not bar a claim that counsel was ineffective for refusing to file an appeal despite his client's specific instructions to do so. On a motion to vacate sentence under Section 2255, however, the issue is whether such a claim can overcome a valid waiver of collateral challenges. [A] valid waiver of collateral challenges in the plea agreement waives the right to bring a Section 2255 motion except for ineffective assistance claims which challenge the validity of the plea or the waiver. Defendant's claim that counsel failed to file an appeal does not challenge the validity of the plea or waiver.

*United States v. Viera*, 2011 WL 3420842 at *7 (D. Kan. Aug. 4, 2011) (cite and footnote omitted); *see also id.* at * 9 (enforcing waiver to negate claim that attorney failed to file a direct appeal); *Jones*, 2011 WL 5554027 at * 6; *Jacobs v. United States*, 2011 WL 5926191 at * 7 (S.D. Ga. Oct. 28, 2011) (upholding plea agreement waiver to bar collateral challenge to sentence enhancement), *adopted*, 2011 WL 5926856 (S.D. Ga. Nov. 28, 2011). To that end, no illegal sentence has been shown here, Simmons concedes his plea was knowing and voluntary, and the record demonstrates that.

This Court thus would be inclined to find that because "the terms of the waiver provision are abundantly clear -- no collateral attack is allowed." *United States v. Graham*, 429 F. App'x 783, 790 (10th Cir. 2011); *United States v. Frye*, 402 F.3d 1123, 1126, 1129 (11th Cir. 2005) (affirming dismissal of habeas petitioner's claim that district court erroneously enhanced his sentence where petitioner had knowingly and voluntarily waived his right to appeal or collaterally attack his sentence in his plea agreement). Under this reasoning, Simmons would not be entitled to a *Flores-Ortega* hearing on whether he sought a direct appeal and counsel was ineffective for failing to comply, as he waived his right to

13

challenge Hube's competency on that score. And, his government plea-bargain breach claim would be rejected because it is negated by the plea agreement itself -- a bargain he concedes he understood.

But the same district judge who sentenced Simmons here just rejected the government's reasoning in a similar case, *Roberson v. United States*, CR608-012, doc. 415 (S.D. Ga. Nov. 30, 2011), *reported at* 2011 WL 6032962.  Roberson was sentenced above the Sentencing Guidelines range following his guilty plea, but his lawyer filed his direct appeal too late and thus it was lost.  Roberson thus was placed in the same legal position as Simmons -- both movants lost their direct appeals because of their lawyer, and both were subject to the same double waiver.

The district judge reasoned that "[t]he language of the plea agreement . . .  forbids Roberson from collaterally attacking the sentence. [But] Roberson is not attacking his sentence with his § 2255 motion; he is asserting his right to constitutionally sufficient assistance of counsel post-sentencing" (i.e., on appeal). *Roberson*, 2011 WL 6032962 at *2. The judge then applied *Gomez–Diaz*, where the defendant waived "the right to appeal [his] sentence, directly or collaterally, on any ground[,]"

14

433 F.3d at 790. That case, he concluded, authorized Roberson to bring his § 2255 motion *even if it fell within the waiver's language*. *Roberson*, 2011 WL 6032962 at 3. Thus, "the language of the plea agreement waiver does not apply to Roberson's § 2255 motion, and even if the waiver were applicable, this circuit's precedent mandates that Roberson be entitled to a collateral attack." *Id.* Because Roberson's attorney failed to file a timely appeal, Roberson was entitled to an out-of-time appeal. *Id.* at 3-4.[8]

Here the government does not dispute Simmons's showing that he asked for, but was denied, his right to appeal. Instead, it stands on the same waiver just rejected in *Roberson*. Accordingly, the Court advises that the same result be reached here that was reached in *Roberson*: **GRANT** Simmons his § 2255 motion, as amended, *see supra* n. 2, to the extent he seeks a direct appeal, in which case his remaining § 2255 claims

---

8  *Roberson's* reasoning is supported by *Patel's* reasoning, 252 F. App'x at 973-74, though *Patel* is not binding and, at bottom, did not reach the argument raised here -- that, while an appeal waiver does not defeat *Flores-Ortega* rights, per *Gomez-Diaz*, what happens when a defendant also agrees to a collateral waiver that extends to the defendant's claim to the very attorney negligence needed to support *Flores-Ortega* rights? Under that argument, raised by the government, the only recourse a movant would have is to show that he was tricked, duped, coerced (etc.) into his guilty plea and double-waiver. Simmons argues only that Hube gave him bad advice.

15

are not ripe and thus may be renewed post-appeal. *See* 16A FED. PROC., L. ED. § 41:515 (Dec. 2011); *see also Roberson*, 2011 WL 6032962 at 3 (detailing process for facilitating a new-appeal).

**SO REPORTED AND RECOMMENDED** this  5th  day of January, 2012.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA