UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA

v.                                    610CR001

ELIJAH NAHUM SIMMONS

ORDER

In 2010, a federal grand jury indicted Simmons on conspiracy to distribute five kilograms or more of cocaine hydrochloride, 50 grams or more of cocaine base, and 50 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Doc. # 1. Simmons pleaded guilty to the lesser-included offense of conspiracy to possess with intent to distribute and to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. § 846. By his plea agreement, Simmons waived his right to collaterally attack his conviction and sentence on any ground. In exchange, the government dismissed the remaining counts against Simmons. Doc. # 154. The district court sentenced Simmons to serve 240 months in prison. Doc. # 151. Simmons did not appeal.

In 2011, Simmons filed a 28 U.S.C. § 2255 motion, Doc. # 169, and the government filed a motion to dismiss, Doc. # 181. In 2012, the Court adopted the Magistrate Judge's Report and Recommendation and granted the § 2255 motion allowing for an out of time appeal. Doc. ## 191, 192. An amended judgment was entered, Doc. # 201, and Simmons filed a notice of appeal, Doc. # 203. The direct appeal is currently pending before the Eleventh Circuit Court of Appeals. *See United States v. Simmons*, Case No. 12-12464. On May 10, 2012, court appointed counsel, Christopher Edward Chapman, filed an entry of appearance in the case. Doc. # 212.

Simmons now has filed a ""Federal Rules of Criminal Procedure 35(a) Motion to Correct Clear Career Offender Guideline Sentencing Error, etc." Doc. # 209. The government filed a response in opposition. Doc. # 219. Simmons filed a counter response in opposition. Doc. # 221. Simmons contends that the Court incorrectly sentenced him as a career offender. Doc. # 209. He claims that Rule 35(a) of the Federal Rules of Criminal Procedure provides an avenue to correct a sentencing error. *Id.*

Simmons is not entitled to relief under Fed. R. Crim. P. 35(a), which provides that "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." He claims that his motion is timely because he filed it within 14 days of this Court re-entering written judgment in his case (on April 26, 2012). Doc. # 201. However, the 14-day period of Rule 35(a) is marked from "the oral announcement of the sentence," Fed. R. Crim. P. 35(c), not the entry of written judgment. Simmons's sentence was orally announced in 2010, Doc. ## 150, 184, and his 35(a) motion is thus years untimely. It should be denied on that basis alone.

The motion should also be denied because nothing about Simmons's claimed error in sentencing is "arithmetical, technical, or . . . clear." *See* Fed. R. Crim. P. 35(a). The district court committed no error at all by adjudging Simmons a career offender because Simmons agreed at his sentencing that he was a career offender. A defendant qualifies as a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The PSI set out that Simmons had two prior controlled substance convictions – one for the sale of cocaine and one for the possession of cocaine with intent to distribute, thus qualifying

as a career offender. PSI ¶¶ 43, 49-50. Simmons did not object to these findings. PSI Addendum; Doc. 184-Pg. 5. "It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes." *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

Accordingly, Simmons's ""Federal Rules of Criminal Procedure 35(a) Motion to Correct Clear Career Offender Guideline Sentencing Error, etc." is *DENIED*.

This 5 day of June, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA