UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ELIJAH NAHUM SIMMONS,

Movant,

v.  6:13-cv-112
    6:10-cr-1

UNITED STATES OF AMERICA,

Respondent.

## ORDER

### I. INTRODUCTION

Elijah Simmons has filed a motion seeking relief under Federal Rules of Civil Procedure 59(e) and 60(b). ECF No. 12.

### II. BACKGROUND

Simmons pleaded guilty to conspiracy to possess with intent to distribute controlled substances. ECF No. 6 at 1. Despite waiving both his direct and collateral appeal rights, Simmons appealed to the Eleventh Circuit. *Id.* at 2. The Eleventh Circuit found that there were no appealable issues and affirmed Simmons's conviction and sentence. *United States v. Simmons*, 504 F. App'x 823, 824 (11th Cir. 2013).

Simmons then sought relief under 22 U.S.C. § 2255. ECF No. 1. In his petition, Simmons focused exclusively on the argument that his attorney at sentencing failed to object to a sentencing error, and that his appellate counsel failed to raise the same issue on appeal. *Id.* at 3. The Magistrate Judge issued a Report and Recommendation ("R&R"), which recommended that Simmons's § 2255 motion be denied. ECF No. 6 at 5. Although Simmons objected, ECF No. 9, the Court adopted the R&R, ECF No. 10.

### III. ANALYSIS

Simmons's Motion seeks relief under two rules: Rule 59(e) and Rule 60(b).

#### A. Rule 59(e)

Under Rule 59(e), a party may seek to have a judgment altered or amended. Fed. R. Civ. P. 59(e). However, such a motion "must be filed no later than 28 days after the entry of the judgment." *Id.* In addition, a Rule 59(e) motion cannot be used "to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Here, Simmons filed his Motion on December 17, 2014, which is 30 days after the entry of the judgment. *See* ECF No. 11. Therefore, his Motion is untimely. But even if the Motion had not been untimely, Simmons raised the same arguments here that he raised in his initial § 2255 petition. *See* ECF No. 1 at 3-5.

Therefore, Simmons's Motion under Rule 59(e) is dismissed.

#### B. Rule 60(b)

Under Rule 60(b), the Court may grant a party relief from a judgment or order on the basis that "the judgment is void" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6); *see also Griffin v. Swim-Tech, Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) ("Motions under the rule are

directed to the sound discretion of the district court.").

The sole argument that Simmons advances in his Motion is that his counsel at sentencing was ineffective. *See* ECF No. 12 at 2. However, as Simmons acknowledges, he waived the right to challenge the ineffectiveness of his counsel in a § 2255 proceeding in his plea agreement. ECF No. 6 at 1.

In its response to the R&R, the Government informed the Court that it would not seek enforcement of Simmons's waiver. ECF No. 8. The Government's decision is the result of a recent policy change at the Department of Justice, a change which requires prosecutors to withdraw any reliance upon waivers of ineffective-assistance claims. *Id.* at 1. In light of this new policy, the Eleventh Circuit has required district courts to not enforce waivers of ineffective-assistance-of-counsel claims. *See Jones v. United States*, 582 F. App'x 845 (11th Cir. 2014); *Murdock v. United States*, 2015 WL 127365 (11th Cir. Jan. 9, 2015). In *Murdock*, for example, when the district court previously ruled that an ineffective-assistance claim was barred by a waiver, the Eleventh Circuit remanded for an evidentiary hearing after the Government withdrew its reliance upon the waiver. *Id.* at *1.

Simmons has raised an ineffective-assistance claim. Following the lead of the Eleventh Circuit, Simmons's waiver should not be relied upon. Therefore, the Court finds it necessary to evaluate Simmons's claim, and the Court grants Simmons's 60(b) motion.

## IV. CONCLUSION

The Court ***GRANTED*** Simmons's request for relief from the judgment under Rule 60(b), ECF No. 12. The judgment previously entered by the Court, ECF No. 11, is ***VACATED***. The magistrate judge is directed to hold an evidentiary hearing on Simmons's ineffective-assistance-of-counsel claim.

This 16 day of January 2015.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2