# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| ELIJAH NAHUM SIMMONS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No.  CV613-112 |
| | ) | CR610-001 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is the Magistrate Judge's recommendation that

Elijah Simmons' 28 U.S.C. § 2255 motion be granted and that he be

resentenced without a career offender enhancement.    Doc. 315. [1]

According to the Report and Recommendation (R&R):

> Simmons was sentenced [to 240 months] *as a career offender* under
> United States Sentencing Guidelines ("USSG") § 4B1.1 based upon
> two felony controlled substance offenses. (Presentence
> Investigation Report ("PSI") at 16.) The career offender
> enhancement pushed Simmons from a criminal history category of
> V to VI. (Id.) This moved his guideline range from 235-240 months
> to 240 months (the statutory maximum).

*Id.* at 2-3 (footnote omitted; emphasis added).

Since the R&R's filing, however, a district judge *sua sponte*

---

[1]  All citations are to the criminal docket unless otherwise noted, and all page
numbers are those imprinted by the Court's docketing software.

resentenced Simmons to 210 months based on an amendment to the drug quantity sentencing guidelines that reduced base offense levels by two (in Simmons' case, from 34 to 32). *See* docs. 332 & 332-1. That order stated that Simmons' "original advisory guideline range was determined based on the underlying drug quantity and his leadership role," *not* the career offender enhancement. Doc. 332-1 at 1.[2] Even after it applied the guidelines amendment, the Court concluded that Simmons' "advisory guideline range is still determined on the basis of the underlying drug conduct and not on his status as a career offender." *Id.*

The Court erred. Although the drug quantity and leadership role charged to Simmons drove the base offense level calculation (doc. 332-1 at 1), overall guidelines range calculations also take into account an offender's criminal history category. And Simmons' criminal history qualified him for a career offender enhancement, which in fact increased his criminal history category from V to VI. That, in turn, drove his guidelines range higher. *See* PSI ¶ 55.

For example, before application of the drug quantity amendment,

---

[2] The Clerk is **DIRECTED** to unseal doc. 332-1. Although it contains a pre-printed "not for public disclosure" header, in this case it contains no sensitive information that merits sealing.

Simmons' base offense level was 34, and with criminal history category VI, his guidelines range was 262-327 months (capped at 240 months by the statutory maximum). At category V, however, his range would have been 235-293 months (again capped at 240).

The same occurs after application of the amendment, which reduced his base offense level from 34 to 32. The Court applied Category VI (hence, career offender enhancement) when it recently resentenced Simmons using the new base offense level of 32. That produced a 210-262 month range (capped at 240). Category V (no career offender enhancement), however, would have subjected Simmons to a 188-235 month range. Relief under § 2255 therefore is not moot because removal of the career offender enhancement would entitle him to resentencing under the Category V (188-235 month) range.

After a *de novo* review of the record, the Court concurs with the Magistrate Judge's recommendation, which is adopted as the opinion of the Court. Simmons' § 2255 motion (doc. 169) is **GRANTED**. The United States Probation Officer who prepared Simmons' PSI is **DIRECTED** to prepare a revised PSI removing the career offender enhancement. The Probation Officer shall simultaneously notify the

deputy clerk, who will then schedule this matter for resentencing. Finally, attorney James McIlvaine shall continue to represent Simmons in this matter.

**ORDER ENTERED,** at Augusta, Georgia, this 23rd day of November, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA